| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT ELIADES & RAVIN LLC<br>80 Route 4 East, Suite 290<br>Paramus, New Jersey 07652<br>(201) 845-1000<br>Attorneys for Charles M. Forman, Chapter 7 Trustee<br>David S. Catuogno (DS-1397)<br>Robert H. Johnson (RJ-0077) | |
| In Re:<br><br>KEARNY INDUSTRIAL ASSOCIATES, LP,<br><br>              Debtor. | Chapter:    7<br>Case No.:  07-10169 (NLW) |
| CHARLES M. FORMAN, TRUSTEE,<br><br>              Plaintiff,<br>v.<br><br>HOOPER STREET ACQUISITIONS, LLC, FORTUNATO REALTY, LLC, DI LORENZO PROPERTIES COMPANY, L.P., YORK ASSOCIATES, INC., THE ESTATE OF SOL GOLDMAN, THE ESTATE OF IRVING GOLDMAN, THE ESTATE OF ALEX DI LORENZO, JR., AND GHC CO., IN LIQUIDATION, QUALITY TAX HOLDINGS, S&A REALTY CORP., NEW JERSEY ECONOMIC DEVELOPMENT, CRUSADER SERVICING CORPORATION, AND UNITED STATES DEPARTMENT OF TREASURY,<br>              Defendants. | Adv. Proc. No. 08- |

**COMPLAINT TO AVOID LIENS AND DETERMINE EXTENT,
<u>VALIDITY AND PRIORITY OF LIENS</u>**

Charles M. Forman, the chapter 7 trustee in the above-captioned chapter 7 case and the

plaintiff in this adversary proceeding (the "Trustee"), through his attorneys, Forman Holt Eliades

& Ravin LLC, for his complaint against the captioned defendants for avoidance of liens and a determination of the extent, validity and priority of liens, respectfully states and sets forth as follows:

## BACKGROUND

1. On January 4, 2007 (the "Petition Date"), Kearny Industrial Associates, L.P. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2. On August 8, 2007, the Court entered an Order directing the appointment of a chapter 11 trustee for the Debtor.

3. On August 22, 2007, the Office of the United States Trustee appointed Charles M. Forman to serve as the chapter 11 Trustee for the Debtor's bankruptcy estate.

4. On March 10, 2008, the Court entered an Order converting the case to a chapter 7.

5. On March 10, 2008, the Office of the United States Trustee appointed the Trustee to serve as the chapter 7 trustee for the Debtor's bankruptcy estate.

6. Prior to the Petition Date, the Debtor owned a single parcel of real estate property of approximately 6.15 acres in size, situate at Belgrove Drive, Marshall Avenue and Passaic Avenue, Lots 4 and L3, Block 14 in Kearny, New Jersey (the "Property").

## JURISDICTION

7. This adversary proceeding arises in Case No. 07-10169 (NLW) now pending before this Court.

8. This adversary proceeding arises under Sections 506, 544(a), 547 and 551 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7001(2).

9. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157(b) and other applicable provisions of federal law.

10. This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §157(b).

11. Venue of this adversary proceeding in this district is proper under 28 U.S.C. §1409(a).

## THE PARTIES

12. Hooper Street Acquisitions, LLC ("Hooper Street") is, upon information and belief, a limited liability company of the State of New Jersey and is made a defendant herein by virtue of an interest of record it claims or claimed against the Debtor, the Property, and/or other property of the Debtor. Specifically, Hooper Street asserts an interest in a Mortgage dated April 10, 2000 in favor of New Jersey Economic Development ("NJED"), in the face amount of $500,000.00 and recorded in the Hudson County Clerk's Office in Mortgage Book 7428, Page 172. The Mortgage was purportedly assigned by NJED to Hooper Street by virtue of an assignment dated October 16, 2006, which assignment is recorded in the Hudson County Clerk's Office in Mortgage Book 1122, Page 334.

13. Fortunato Realty, LLC ("Fortunato") is, upon information and belief, a limited liability company of the State of New York and is made a defendant herein by virtue of an interest of record it claims or claimed against the Debtor, the Property and/or other property of the Debtor. Specifically, Fortunato's asserts an interest in a Mortgage in favor of by Net Property Development dated October 12, 2005, in the face amount of $275,000.00 and recorded on October 12, 2005, in the Hudson County Clerk's Office in Mortgage Book 13471, Page 80 and recorded a second time on October 25, 2005, in Mortgage Book 13531, Page 198. This Mortgage was

3

purportedly assigned by Net Property Development to Fortunato by assignment dated January 29, 2007.

14. Di Lorenzo Properties Company, L.P., York Associates, Inc., the Estate of Sol Goldman, the Estate of Irving Goldman, the Estate of Alex Di Lorenzo, Jr., and GHC Co., in Liquidation (collectively referred to as the "Di Lorenzo Group") is, upon information and belief, a joint venture of the State of New York, and/or series of individual entities, and made defendant herein by virtue of an interest of record it claims or claimed against the Debtor, the Property, and/or the other property of the Debtor. Specifically, the Di Lorenzo Group asserts a Mortgage dated November 14, 2006, in the face amount of $385,000.00 and recorded November 15, 2006 in the Hudson County Clerk's Office in Mortgage Book 15111, Page 131. The Di Lorenzo Group also asserts or asserted a lien by virtue of consent judgment of the Superior Court of New Jersey, Hudson County, against the Debtor, in the amount of $385,000.00, which judgment was signed on February 2, 2007 and entered on February 23, 2007 and denominated as Judgment J-051078-2007. The Di Lorenzo Group apparently also asserts or asserted an equitable lien pursuant to Order of the Superior Court of New Jersey dated December 8, 2006.

15. New Jersey Economic Development Authority ("NJED") is, upon information and belief, a corporation of the State of New Jersey and is made a party herein by virtue of an interest of record it claims or claimed against the Debtor, the Property, and/or other property of the Debtor. Specifically, NJED asserts or asserted an interest in a judgment of the Superior Court of New Jersey, Mercer County, against the Debtor in the amount of $127,754.38, together with interest in the amount of $12,939.75, which judgment is denominated as J-035018-2006 and was signed on January 10, 2006 and entered on February 9, 2006.

16. S&A Realty Corp. is, upon information and belief, a corporation of the State of New Jersey and is made a defendant herein by virtue of an interest of record it claims or claimed against the Debtor, the Property and/or other property of the Debtor. Specifically, (i) S&A asserts an interest in a judgment of the Superior Court of New Jersey, Hudson County, against the Debtor in the amount of $383,200.00 for attorney's fees, together with other costs of $120,037.00, which judgment is denominated at J-110601-2006 and was signed on April 26, 2006 and entered on May 8, 2006; (ii) a judgment of the Superior Court of New Jersey, Hudson County, against the Debtor in the amount of $106,073.00, (which amount was amended by Appellate Division Opinion dated August 26, 2007), which judgment is denominated as J-153726-2006 and was signed on August 26, 2005 and entered on June 16, 2006; and (iii) a judgment of the Superior Court of New Jersey, Hudson County, against the Debtor, in the amount of $24,000.00 plus costs of $2,471.50, which judgment denominated as J-093801-2008 and was signed on December 5, 2007 and entered on April 30, 2008.

17. Quality Tax Holdings ("QTH") asserts or may assert an interest in the Property by virtue of (i) tax certificate no. 200402 in the amount of $1,942.28 recorded June 15, 2005 in the Hudson County Clerk's Office in Book 13235, Page 234; (ii) tax certificate no. 200303 in the amount of $4,292.72 recorded June 2, 2004 in the Hudson County Clerk's Office in Book 11548, Page 258; and (iii) tax certificate no. 020301 in the amount of $1,052.05 recorded February 18, 2004 in the Hudson County Clerk's Office in Book 11060, Page 78. These tax certificates were purportedly assigned to QTH by Kearny Aldo, LLC. Kearny Aldo, LLC, upon information and belief, came into possession of the tax certifications by virtue of assignment from Crusader Servicing Corporation.

18. Crusader Servicing Corporation ("Crusader") asserts or may assert an interest in the Property by virtue of (i) tax certificate no. 05-0015 in the amount of $2,407.16 recorded August 3, 2006 in the Hudson County Clerk's Office in Book 14701, Page 104; and (ii) tax certificate no. 07-22001 in the amount of $2,303.39 recorded May 30, 2007 in the Hudson County Clerk's Office in Book 15902, Page 129.

19. The United States Department of Treasury, Internal Revenue Service ("IRS") asserts or may assert an interest in the Property by federal tax lien in the amount of $13,229.80 recorded March 17, 2005 in the Hudson County Clerk's Office in Book 169 Page 236.

## COUNT I

### (To Determine Extent, Validity and Priority of Lien of Hooper Street)

20. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

21. Upon information and belief, the obligation secured by the Mortgage assertedly held by Hooper Street has been satisfied or substantially reduced.

22. Hooper Street holds a secured claim on the Property, if any, to the extent of the value of its interest in the estate's interest in the Property, and the outstanding debt owed, if any.

23. The Trustee is entitled to a determination of the extent, validity and priority of the Mortgage and/or other lien(s) asserted by Hooper Street.

WHEREFORE, the Trustee demands judgment against Hooper Street on Count I of this complaint (i) determining the extent, validity and priority of its Mortgage pursuant to 11 U.S.C. §506 of the Bankruptcy Code; (ii) awarding to the Trustee his costs of suit, including reasonable attorneys' fees; and (iii) granting such other and further relief as the Court deems just and fair.

**COUNT II**

**(To Determine Extent, Validity and Priority of Lien of Fortunato)**

24. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

25. Upon information and belief, the obligation secured by the Mortgage assertedly held by Fortunato has been satisfied or substantially reduced.

26. Fortunato holds a secured claim on the Property, if any, to the extent of the value of its interest in the estate's interest in the Property, and the outstanding debt owed, if any.

27. The Trustee is entitled to a determination of the extent, validity and priority of the Mortgage and/or other lien(s) asserted by Fortunato.

WHEREFORE, the Trustee demands judgment against Fortunato on Count II of this complaint (i) determining the extent, validity and priority of its Mortgage pursuant to Section 11 U.S.C. §506 of the Bankruptcy Code; (ii) awarding to the Trustee his costs of suit, including reasonable attorneys' fees; and (iii) granting such other and further relief as the Court deems just.

**COUNT III**

**(To Determine Extent, Validity and Priority of Lien of the Di Lorenzo Group)**

28. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

29. The Di Lorenzo Group holds a secured claim on the Property, if any, to the extent of the value of its interest in the estate's interest in the Property and the outstanding debt owed, if any.

30. The Trustee is entitled to a determination of the extent, validity and priority of the Mortgage and/or other lien(s) asserted by the Di Lorenzo Group.

WHEREFORE, the Trustee demands judgment against Di Lorenzo Properties Company, L.P., York Associates, Inc., the Estate of Sol Goldman, the Estate of Irving Goldman, and the Estate of Alex Di Lorenzo, Jr. on Count III of this complaint (i) determining the extent, validity and priority of its Mortgage pursuant to Section 506 of the Bankruptcy Code; (ii) awarding to the Trustee his costs of suit, including reasonable attorneys' fees; and (iii) granting such other and further relief as the Court deems just.

## COUNT IV

**(To Determine Extent, Validity and Priority of Lien of Quality Tax Holdings)**

31. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

32. Upon information and belief, the tax liens held by QTH have been satisfied, significantly paid down or are otherwise subject to reduction.

33. QTH holds a lien on the Property, if any, to the extent of the value of its interest in the estate's interest in the Property, and the outstanding debt owed, if any.

34. The Trustee is entitled to a determination of the extent, validity and priority of the tax liens and/or other lien(s) asserted by QTH.

WHEREFORE, the Trustee demands judgment against QTH on Count IV of this complaint (i) determining the extent, validity and priority of its Mortgage pursuant to Section 506 of the Bankruptcy Code; (ii) awarding to the Trustee his costs of suit, including reasonable attorneys' fees; and (iii) granting such other and further relief as the Court deems just.

## COUNT V

**(To Determine Extent, Validity and Priority of Lien of Crusader Lien Services)**

35. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

36. Upon information and belief, the tax liens held by Crusader have been satisfied, significantly paid down or are otherwise subject to reduction.

37. Crusader holds a lien on the Property, if any, to the extent of the value of its interest in the estate's interest in the Property, and the outstanding debt owed, if any.

38. The Trustee is entitled to a determination of the extent, validity and priority of the tax liens and/or other lien(s) asserted by Crusader.

WHEREFORE, the Trustee demands judgment against Crusader on Count V of this complaint (i) determining the extent, validity and priority of its Mortgage pursuant to Section 506 of the Bankruptcy Code; (ii) awarding to the Trustee his costs of suit, including reasonable attorneys' fees; and (iii) granting such other and further relief as the Court deems just.

## COUNT VI

**(To Determine Extent, Validity and Priority of Lien of the Department of Treasury)**

39. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

40. Upon information and belief, the tax lien held by the IRS has been satisfied, significantly paid down or are otherwise subject to reduction.

41. The IRS holds a lien on the Property, if any, to the extent of the value of its interest in the estate's interest in the Property and the outstanding debt owed, if any.

42. The Trustee is entitled to a determination of the extent, validity and priority of the tax liens and/or other lien(s) asserted by the IRS.

WHEREFORE, the Trustee demands judgment against the IRS on Count VI of this complaint (i) determining the extent, validity and priority of its Mortgage pursuant to Section 506 of the Bankruptcy Code; (ii) awarding to the Trustee his costs of suit, including reasonable attorneys' fees; and (iii) granting such other and further relief as the Court deems just.

## COUNT VII

### (To Avoid Mortgage of Di Lorenzo Group - Preference)

43. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

44. Pursuant to 11 U.S.C. §544(a), as of the date of the commencement of this case, the Trustee is armed with the rights and powers of a judicial lien creditor who has properly levied upon the Debtor's property.

45. Upon information and belief, the Di Lorenzo Group was a creditor of the Debtor at all relevant times.

46. Within the 90 day period prior to the Petition Date, Debtor enter into a Stipulation with the Di Lorenzo Group (the "Di Lorenzo Stipulation"), whereby the Debtor consented to the recordation of a Mortgage against the Property by the Di Lorenzo Group in the amount of $385,000.00, which Mortgage was recorded December 15, 2006 in the Hudson County Clerk's Office in Mortgage Book 15220, Page 316 (the "Di Lorenzo Mortgage").

47. The Di Lorenzo Mortgage reflected an antecedent debt owed by the Debtor to the Di Lorenzo Group preceding the granting of the Mortgage.

48. The Debtor was insolvent at the time the Di Lorenzo Mortgage was made.

10

49. The Di Lorenzo Mortgage enabled the Di Lorenzo Group to receive more than it would have received if a) the estate of the Debtor was liquidated under Chapter 7 of Title 11 of the United States Code; b) the Di Lorenzo Mortgage had not been made; and c) the Di Lorenzo Group or any other creditor for whose benefit the Di Lorenzo Mortgage was made received payment of the antecedent debt owed to it by the Debtor to the extent provided by the provisions of Title 11 of the United States Code.

50. The Di Lorenzo Mortgage is an avoidable preferential transfer within the meaning of Section 547(b) of the Bankruptcy Code.

WHEREFORE, the Trustee demands judgment against Di Lorenzo on Count VII of this complaint i) avoiding the Di Lorenzo Mortgage described above pursuant to Sections 547 of the Bankruptcy Code, (ii) awarding to the Trustee his costs of suit, including reasonable attorneys' fees; and (iii) granting such other and further relief as the Court deems just.

## COUNT VIII

### (To Avoid Judicial Lien of Di Lorenzo Group – Trustee as Superior Lien Creditor under §544)

51. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

52. Pursuant to 11 U.S.C. §544(a), as of the date of the commencement of this case, the Trustee is armed with the rights and powers of a judicial lien creditor who has properly levied upon the Debtor's property.

53. Upon information and belief, Di Lorenzo Judgment was docketed against the Debtor by the Di Lorenzo Group on February 23, 2007, under judgment number J-051078-2007 in the amount of $385,000.00.

54. Upon information and belief, the Di Lorenzo Group failed to satisfy the requirement of N.J.S.A. 2A:17-1 et. seq. in that the Di Lorenzo Group failed to make a good faith effort to execute against the Debtor's personal property prior to executing against the Real Property.

55. Upon information and belief, the Di Lorenzo Group failed to satisfy the requirement of N.J.S.A. 2A:17-1 in that the Di Lorenzo Group failed to exhaust the personal property of the Debtor, either by execution, sale or exemption, prior to executing against the Real Property.

56. Because the Di Lorenzo Group failed to comply with the provisions of N.J.S.A. 2A:17-1, any judgment lien alleged to be held by the Di Lorenzo Group is avoidable and the Trustee's interest in the Real Property and proceeds from the sale thereof is superior to that of the Di Lorenzo Group.

WHEREFORE, Plaintiff demands judgment against the Di Lorenzo Group (i) avoiding the judicial lien claimed by the Di Lorenzo Group against the Real Property and the proceeds thereof pursuant to 11 U.S.C. §544 and N.J.S.A. 2A:17-1; (ii) declaring that the Trustee's interest in the Real Property and proceeds thereof is superior to any interest in the Di Lorenzo Group; (iii) awarding to the Trustee his costs of suit, including reasonable attorney's fees; and (iv) awarding the Trustee such other relief as this Court deems just and proper.

## COUNT IX

**(Avoid Judicial Liens of Di Lorenzo Group–Void as Violative of Automatic Stay)**

57. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

58. Judgment J-051078-2007 against the Debtor and in favor of the Di Lorenzo Group was entered by the Superior Court on February 23, 2007 which date is after the date the Debtor filed its petition herein, namely January 7, 2007.

59. The entry of J-051078-2007 is in derogation of the automatic stay provisions of the Bankruptcy Code as set forth in 11 U.S.C. §362 which, absent certain exceptions not present here, precludes collection actions against the Debtor and/or the fixing of any lien against the Debtor's assets after the filing of a bankruptcy petition.

60. Since the judgment was entered in derogation of the automatic stay, it is void *ab initio* and of no force and effect.

61. Since the judgment is void, there can be no corresponding judgment lien.

WHEREFORE, Plaintiff demands judgment against the Di Lorenzo Group avoiding the judicial lien claimed by the Di Lorenzo Group against the Property and the proceeds thereof pursuant to 11 U.S.C. §544; declaring that the Trustee's interest in the Property or the proceeds thereof is superior to any interest claimed by the Di Lorenzo Group; and grating such other and further relief as is just and proper.

## COUNT X

### (Avoid Equitable Lien – Preference)

62. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

63. Pursuant to 11 U.S.C. §544(a), as of the date of the commencement of this case, the Trustee is armed with the rights and powers of judicial lien creditor who has properly levied upon the Debtor's property.

64. Upon information and belief, the Di Lorenzo Group was a creditor of the Debtor at all relevant times.

65. The Order granting the equitable lien was recorded with the Hudson County Registrar on December 15, 2006 in Book 15220, on Page 316.

66. Within the ninety (90) day period prior to the petition date, the Superior Court of New Jersey entered an Order dated December 8, 2006 which Order granted an interim equitable lien on the Property in favor of the Di Lorenzo Group in order to fund the Debtor's obligation to indemnify Di Lorenzo for environmental remediation costs incurred.

67. The Debtor's obligation to indemnify and/or reimburse Di Lorenzo for environmental costs was an antecedent obligation of the Debtor to Di Lorenzo preceding the docketing of the Order.

68. The Debtor was insolvent at the time the Di Lorenzo Equitable Lien was made.

69. The Di Lorenzo Equitable Lien enabled the Di Lorenzo Group to receive more than it would have received if a) the estate of the Debtor was liquidated under Chapter 7 of Title 11 of the United States Code; b) the Di Lorenzo Equitable Lien had not been made; and c) the Di Lorenzo Group or any other creditor for whose benefit the Di Lorenzo Equitable Lien was made received payment of the antecedent debt owed to it by the Debtor to the extent provided by the provisions of Title 11 of the United States Code.

70. The Di Lorenzo Equitable Lien is an avoidable preferential transfer within the meaning of Section 547(b) of the Bankruptcy Code.

WHEREFORE, the Trustee demands judgment against Di Lorenzo on Count V of this complaint (i) avoiding the Di Lorenzo Equitable Lien described above pursuant to Section 547 of the Bankruptcy Code, (ii) awarding to the Trustee his costs of suit, including reasonable attorneys' fees; and (iii) granting such other and further relief as the Court deems just.

## COUNT XI

**(Avoid Judicial Liens of S&A- Trustee as Superior Lien Creditor under §544)**

71. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of

this complaint as if set forth herein at length.

72.  Pursuant to 11 U.S.C. §544(a), as of the date of the commencement of this case, the Trustee is armed with the rights and powers of the judicial lien creditor who have properly levied upon the Debtor's property.

73.  A judgment was docketed against Debtor by S&A on May 8, 2006, under Judgment Number J-110601-2006 in the amount of $383,200.00, together with costs of $120,037.00.

74.  A judgment was docketed against Debtor by S&A on June 16, 2006, under Judgment Number J-153726-2006 in the amount of $106,073.00.

75.  A judgment was docketed against Debtor by S&A on April 30, 2008, under Judgment Number J-093801-2008 in the amount of $24,000.00 plus costs of $2,471.50.

76.  Upon information and belief, S&A failed to satisfy the requirements of N.J.S.A. 2A:17-1 et. seq. by failing to make a good faith effort to execute against the Debtor's personal property prior to executing against the Property.

77.  Upon information and belief, S&A failed to satisfy the requirements of N.J.S.A. 2A:17-1 by failing to exhaust the personal property of the Debtors, either by execution, sale or exemption, prior to executing against the Property.

78.  The judgment liens alleged to be held by S&A are avoidable and the Trustee's interest in the Real Property and proceeds from the sale thereof is superior to that of S&A.

WHEREFORE, Plaintiff demands judgment against S&A avoiding the judicial lien claimed by S&A against the Property and the proceeds thereof pursuant to 11 U.S.C. §544; declaring that the Trustee's interest in the Property or the proceeds thereof is superior to any interest claimed by S&A; and grating such other and further relief as is just and proper.

## COUNT XII

**(To Avoid Judicial Lien of S&A – Void as Violative of Automatic Stay)**

79. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

80. Judgment J-093801-2008 against the Debtor and in favor of S&A was entered by the Superior Court on April 30, 2008 which date is after the date the Debtor filed its petition on January 7, 2007.

81. The entry of J-093801-2008 is in derogation of the automatic stay provisions of the Bankruptcy Code as set forth in 11 U.S.C. §362 which, absent certain exceptions not present here, precludes collection actions against the Debtor and/or the fixing of any lien against the Debtor's assets after the filing of a bankruptcy petition.

82. Since the judgment was entered in derogation of the automatic stay, it is void *ab initio* and of no force and effect.

83. Since the judgment is void, there can be no corresponding judgment lien.

WHEREFORE, Plaintiff demands judgment against S&A avoiding the judicial lien claimed by S&A against the Property and the proceeds thereof pursuant to 11 U.S.C. §544; declaring that the Trustee's interest in the Property or the proceeds thereof is superior to any interest claimed by S&A; and grating such other and further relief as is just and proper.

## COUNT XIII

**(Avoid Judicial Lien of NJED)**

84. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

85. Pursuant to 11 U.S.C. §544(a), as of the date of the commencement of this case, the Trustee is armed with the rights and powers of the judicial lien creditor who have properly levied upon the Debtor's property.

86. A judgment was docketed against Debtor by NJED under Judgment Number J-035018-2006 in the amount of $127,754.38, together with interest in the amount of $12,939.75.

87. Upon information and belief, NJED failed to satisfy the requirements of N.J.S.A. 2A:17-1 et. seq. by failing to make a good faith effort to execute against the Debtor's personal property prior to executing against the Property.

88. Upon information and belief, NJED failed to satisfy the requirements of N.J.S.A. 2A:17-1 by failing to exhaust the personal property of the Debtors, either by execution, sale or exemption, prior to executing against the Property.

89. The judgment lien(s) alleged to be held by NJED are avoidable and the Trustee's interest in the Real Property and proceeds from the sale thereof is superior to that of NJED.

WHEREFORE, Plaintiff demands judgment against NJED avoiding the judicial lien claimed by NJED against the Property and the proceeds thereof pursuant to 11 U.S.C. §544; declaring that the Trustee's interest in the Property or the proceeds thereof is superior to any interest claimed by NJED; and granting such other and further relief as is just and proper.

## COUNT XIV

**(Relief Pursuant to Sections 724 and 726 of the Bankruptcy Code)**

90. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

91. Pursuant to Sections 724(a) and 726(a)(4) of the Bankruptcy Code, the Trustee may avoid and/or subordinate any lien which secures a claim for any fine, penalty, or forfeiture, or for

multiple, exemplary, or punitive damages, arising before the earlier of the Order for Relief or the appointment of a Trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim.

92. Some or all of the claims and liens asserted by the IRS, QTH and Crusader are avoidable by the Trustee pursuant to Sections 724(a) and 726(a)(4) of the Bankruptcy Code.

93. To the extent that some or all of the claims and liens asserted by the IRS, QTH and Crusader are not avoidable under Section 724(a) and 726(a)(4) of the Bankruptcy Code, the claims or liens are subject to the provisions of Section 724(b) pertaining to the priority of distribution.

WHEREFORE, the Trustee demands entry of an Order avoiding the liens and/or subordinating the claims asserted by the IRS, QTH and Crusader, pursuant to Sections 724(a) and 726(a)(4) of the Bankruptcy Code, and preserving those portions of the liens avoided for the benefit of the Estate pursuant to Section 551 of the Bankruptcy Code, and to the extent that the liens and claims are not avoidable, that they be paid in accordance with the provisions of Section 724(b) pertaining to the priority of distribution, warding reasonable attorneys fees and costs, and granting such other and further relief as is just and proper.

## COUNT XV

### (To Preserve Avoided Liens)

94. Plaintiff repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

95. The Trustee is entitled to judgment preserving any and all liens avoided or voided herein for the benefit of the creditors of the estate pursuant to Sections 551 of the Bankruptcy Code.

WHEREFORE, the Trustee demands judgment on Count VIII of this complaint (i) preserving any and all voided and avoided liens herein for the benefit of the creditors of the estate

pursuant to Sections 551 of the Bankruptcy Code; (ii) awarding to the Trustee his costs of suit, including reasonable attorneys' fees; and (iii) awarding to the Trustee such other relief as this Court deems just and proper.

                        FORMAN HOLT ELIADES & RAVIN LLC
                        Attorneys for Charles M. Forman, Chapter 7 Trustee

                        By:  */s / David S. Catuogno*
                             David S. Catuogno (DS-1397)
                             Robert H. Johnson (RJ-0077)

Dated: January 2, 2009

m:\cmf\kearny industrial\advpro\complaint-2.doc